Case 2:21-cv-00040 Document 19 Filed on 04/22/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00040 |
| | § | |
| MICHAEL RUTLEDGE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF SHAFER'S MOTION TO PROCEED *IN FORMA
PAUPERIS* AND TO DISMISS ACTION FOR FAILURE TO PROSECUTE**

On March 15, 2021, Plaintiffs Richard Scott Shafer and Thomas Twiss sought to jointly file this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. They are currently confined at the McConnell Unit in Beeville, Texas.

**I.     BACKGROUND**

Plaintiffs each filed a Motion to Proceed *In Forma Pauperis* (IFP). (D.E. 2, 3). However, only Plaintiff Shafer submitted a certified copy of his trust fund account statement in support of his IFP request. (D.E. 4). Plaintiffs also filed a Motion to Certify Plaintiffs in a Class. (D.E. 6).

On March 18, 2021, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Plaintiffs' motion to certify (D.E. 6) be denied, that only Plaintiff Shafer proceed in this action, and that Plaintiff Twiss be dismissed without prejudice to his right to file a new complaint. (D.E. 12). The M&R is pending before the District Court.

On March 17, 2021, because Plaintiff Shafer has $1,081.44 in his inmate trust fund account, he was ordered either to pay the full filing fee or show cause why this case should not be dismissed within twenty days.  (D.E. 11).  Plaintiff failed to file any response to the Court's Order and has not paid the filing fee.  He was warned in the March 17 Order that failure to timely comply could result in the case being dismissed.  (D.E. 11, p. 2).

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S. Ct. 1386, 1388 (1962)).  If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action.  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here, Plaintiff Shafer failed to comply with the March 17 Order.  Dismissal without prejudice is the only sanction appropriate in this case.

## III.   RECOMMENDATION

Accordingly, it is respectfully recommenced that Plaintiff Shafer's Motion to Proceed IFP (D.E. 3) be **DENIED** and this complaint be **DISMISSED** without prejudice for failure to comply with the Court' s March 17 Order.  *See* Fed. R. Civ. P. 41(b).

Respectfully recommended on April 22, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).