United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICHARD SCOTT SHAFER, *et al.*,           §
                                          §
           Plaintiffs,                    §
                                          §
VS.                                       §          CIVIL ACTION NO. 2:21-CV-00040
                                          §
MICHAEL RUTLEDGE, *et al.*,               §
                                          §
           Defendants.                    §

## ORDER REJECTING IN PART, MODIFYING IN PART, AND ADOPTING IN PART
## MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendants' Motion to Dismiss (D.E. 41) and Plaintiff's Motion for Preliminary Injunction (D.E. 47). On June 9, 2022, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation on Pending Motions (M&R, D.E. 52), recommending that the motion to dismiss be granted in part and denied in part and that Plaintiff's motion for preliminary injunction be denied. Plaintiff Richard Scott Shafer timely filed his objections (D.E. 55) on June 27, 2022. Shafer also filed a motion for reconsideration (D.E. 57), which is construed as supplemental, albeit untimely, objections to the M&R. *See* D.E. 58, 59. Shafer has stated ten objections, each of which is addressed below in the order in which they were listed, which is consistent with the Magistrate Judge's organization of the recommendations.

**A. RLUIPA Claims**

**Religious Headware**.  First, Shafer argues that the Magistrate Judge misunderstood the factual allegations regarding his kippah.  D.E. 55, pp. 1-2.  The M&R recommends dismissal of the RLUIPA headware claim because RLUIPA does not guarantee that an inmate can wear the item of his choice.  But Shafer asserts that his kippah meets TDCJ regulations and was pre-approved by the chaplain of another TDCJ unit.  No kippahs were available for purchase at the commissary at the time he obtained his kippah.  The fact that the commissary now sells kippahs should not affect the prior approval that is consistent with TDCJ policy, particularly where the commissary's version of the kippah does not conform to Shafer's religious tenets.

The Court **SUSTAINS** the first objection because the M&R treats the matter as a complaint regarding TDCJ policy on what religious headware is permitted.  Instead, Shafer's complaint is that TDCJ personnel did not properly administer the existing policy, which allowed him to wear his conforming kippah.  According to Shafer, prison personnel were permitted to discriminate or retaliate against him on the basis of his religion because he was not using a kippah purchased from the commissary.  The motion to dismiss (D.E. 41) does not address this precise issue and the Court offers no opinion on its merits.  However, the claim will not be dismissed in this procedural posture.

**Holy Days**.  Second, Shafer objects that the Magistrate Judge did not take into consideration the entire policy on inmate observance of holy days.  He argues that inmates are entitled not only to a lay-in exemption from work, but the ability to gather as a

community.  He argues that no fact-intensive investigation is required and that prison personnel are readily available to supervise such gatherings.  D.E. 55, pp. 2-3.  Because the M&R does not recommend dismissal of this claim, the second objection is **OVERRULED** as moot.  The Court will not opine further on the nature of the investigation the claim requires for resolution because the matter before the Court is only whether the claim may continue to the discovery phase of pretrial procedure.  The M&R recommends a result in Shafer's favor and his objection does not provide for any additional remedy at this time.

**Proper RLUIPA Defendants**.  Shafer agrees that both TDCJ Director Bobby Lumpkin and Senior Warden Jerry Sanchez should be RLUIPA Defendants because Lumpkin controls some policy matters and Sanchez is required to coordinate and implement those policies at the unit level.  D.E. 55, pp. 3-4.  The M&R recommends granting Plaintiff leave to add them as Defendants for the RLUIPA claims in their official capacity.  D.E. 52, pp. 23-24.  And Shafer's objection does not appear to address any individual capacity claims against these proposed Defendants.

However, Shafer's third objection seeks to preserve the RLUIPA claims against Carlton Hazelwood, TDCJ's current Chaplaincy Director (in place of Defendant Rutledge) and Senior Chaplain Wright for Shafer's unit.  The M&R observed that Defendants had demonstrated that neither Hazelwood nor Wright had the authority "to create, change, or grant exceptions to TDCJ's religious activities policies."  D.E. 52, p. 22.  Nothing in

Shafer's objections addresses this issue with anything more than conclusory speculation. Consequently, the third objection is **OVERRULED**.

Fourth, Shafer agrees the commissary managers do not have any authority over chaplaincy policy.  But he argues that the unit commissary manager at the time, Jackee Soliz, along with Captain Christi L. Garcia and Captain Dorian Garza, should remain responsive to the claim in an individual capacity regarding denial of grape juice and unleavened bread for his religious observance.  D.E. 55, p. 3.  Shafer's objection is contrary to his prior assurance that he was not making any RLUIPA claims against any Defendant in an individual capacity and does not address the M&R's analysis on Plaintiff's assertion of, or the availability of, individual capacity claims under RLUIPA.  *See* D.E. 52, p. 12. Therefore, the fourth objection is **OVERRULED** as waived.  *See generally, United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (matters not submitted to the Magistrate Judge are waived); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

## B. First Amendment Free Exercise of Religion Claims

**Kosher Diet**.  Fifth, Shafer claims that he has a right to a kosher diet, which includes requirements for storage, preparation, and handling—not just the nature of the food.  And he asserts that there are available alternatives through prepackaged foods that Defendants have not shown are unreasonable accommodations.  Citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), Shafer argues that costs alone are not a sufficient compelling governmental interest to permit denial of a kosher diet.  He objects that Defendants, regardless, should

be put to their proof on this issue.  D.E. 55, pp. 4-10.  He also cites cases outside of the Fifth Circuit.

The Magistrate Judge's analysis is based on three Fifth Circuit cases:  *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); and *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986).  While it is true that this Court is bound by Fifth Circuit precedent and that the free exercise diet-related claims in those cases did not succeed, nothing in the cases suggests that there is no First Amendment protection whatsoever for the religious dietary needs of prisoners.  Instead, each of those cases was decided on summary judgment or after an evidentiary hearing.  And the decision was made by balancing the evidence received on the *Turner* factors—a test that was devised in a case that had proceeded to a trial on the merits.

A prisoner's First Amendment claim for a religious diet was dismissed without first receiving evidence in connection with a Prison Litigation Reform Act (PLRA) screening in *Holmes v. Davis*, No. 6:20CV333, 2021 WL 2152544, at *4 (E.D. Tex. Mar. 30, 2021), *report and recommendation adopted*, No. 6:20CV333, 2021 WL 2141486 (E.D. Tex. May 26, 2021).  However, the decision included the observation that the prisoner had not alleged any facts to distinguish his claim from the failed claims in the Fifth Circuit precedential trio of cases.

Here, however, Shafer has alleged at least two considerations not addressed by the Fifth Circuit cases:  (1) low cost prepackaged kosher meals are available and could be prepared and served without supplying or operating a separate kosher kitchen and without

breaking a seal; and (2) TDCJ could transfer Shafer to a unit that has a kosher kitchen and prepares kosher meals, but it requires him to profess a different form of faith than the one he practices.  These distinguishing facts require a new *Turner* evidentiary analysis.

The Magistrate Judge also cited *Corbeil v. Moore*, No. 08-CV-1072, 2009 WL 320738, at *2 (W.D. La. Jan. 30, 2009), another PLRA screening decision.  While the Court disagrees with the *Corbeil* suggestion that all First Amendment religious dietary claims are foreclosed by Fifth Circuit precedent, the case is further distinguished by the fact that the claims were directed at a unit from which the prisoner had since been transferred, nullifying any claim for prospective injunctive relief.  And the conclusion regarding the viability of the First Amendment claim appeared in the section addressing the prisoner's claim for monetary relief, which is not at issue here.

Because Shafer has pled sufficient facts to trigger a factual determination of his First Amendment claim to accommodations for his kosher diet using the *Turner* factors, the Court **SUSTAINS** Shafer's fifth objection and **DENIES** the motion to dismiss the First Amendment claim for a kosher diet.

**Religious Headware**.  Sixth, Shafer repeats his challenge that the Magistrate Judge misconstrued the underlying facts regarding the approved status of his kippah.  D.E. 55, pp. 10-11.  For the same reasons as expressed with respect to the first objection, the Court **SUSTAINS** the sixth objection and **DENIES** the motion to dismiss with respect to this claim.

**Holy Days**.  Seventh, Shafer objects to the Magistrate Judge's recitation of the factual nature of his claim because the availability of volunteers to supervise gatherings is not the issue.  Prison staff members provide that supervision.  But he agrees with the Magistrate Judge's conclusion that the disposition should be the denial of the motion to dismiss this claim.  D.E. 55, p. 11.  The Court **SUSTAINS** the seventh objection so that Shafer may present the facts of his choosing as he is the master of his complaint.  The Court, consistent with the M&R's conclusion, **DENIES** the motion to dismiss on this basis.

**Individual Capacity**.  Eighth, Shafer argues that he provided a sufficient basis for holding the TDCJ (former) Chaplaincy Director Nathan Rutledge and unit Senior Chaplain Wright individually liable for denial of religious gatherings because he has experienced this issue at every unit he has been assigned to within TDCJ, making it a policy-level problem with both the free exercise clause and TDCJ's enforcement of its own policy terms.  D.E. 55, pp. 11-12.  The M&R recommends retaining the claim against Senior Chaplain Wright, but recommends dismissal of the claim as to Chaplaincy Director Rutledge for lack of factual allegations.

While a consistent and persistent problem across the TDCJ's incarceration facilities may implicate a policy problem, that problem goes to a defendant's official capacity issue.  To support an individual capacity claim, Shafer must allege plausible facts that Chaplaincy Director Rutledge was personally involved in the decisions at each unit.  Because Shafer has not directed this Court to any such factual allegations, the objection is conclusory and speculative.  The Court **OVERRULES** the eighth objection.

**Official Capacity**.  Ninth, Shafer objects to the recommended dismissal of the official capacity claims against the commissary manager because, he argues, that person has a ministerial duty to order, obtain, and sell items that inmates seek for religious purposes and which are stocked in the commissary warehouse.  D.E. 55, p. 12.  In that regard, he recites only the practice by which inmates fill out an order form, which the commissary manager is to fax to the warehouse in order to obtain the ordered items.

Shafer does not recite any factual basis for determining that the commissary manager has any self-contained authority to make decisions on what to order or what is stocked in the warehouse and in what quantities.  Consequently, the Court **OVERRULES** the ninth objection, **GRANTS** the motion to dismiss the claims against the commissary manager, and **GRANTS LEAVE** to Shafer to amend his pleading within fourteen (14) days to name TDCJ Director Bobby Lumpkin and Senior Warden Jerry Sanchez as Defendants for his First Amendment free exercise of religion claim related to obtaining his religious items from the commissary.

## C. Qualified Immunity

Shafer did not separately object to the M&R's recommendations regarding qualified immunity.  However, the Court's retention of two additional constitutional claims, as set out above, requires a modification of the qualified immunity analysis.  At issue are:  (1) Plaintiff's First Amendment Free Exercise claim regarding the denial of kosher meals; and (2) Plaintiff's First Amendment Free Exercise claim regarding the denial of his ability to wear his own religious headwear.  The Court **REJECTS** the M&R's analysis as it applies

to these two claims and **MODIFIES** the disposition to remove them from the list of claims that are dismissed.  *See* D.E. 52, p. 43.

Because the Court finds that the allegations related to these claims state a constitutional violation, qualified immunity cannot be granted on them without a full analysis of the defense.  Moreover, the Court sua sponte **RECOMMITS** the question of qualified immunity in its entirety to the Magistrate Judge with instructions to determine whether the factual allegations, accepted as true, support a plausible claim that the alleged course of conduct would be objectively unreasonable in light of clearly established law.[1] *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021).

"[A] plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery."  *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (emphasis in original).  Additionally, an order denying qualified immunity is immediately appealable.  *Ramirez*, 3 F.4th at 133.

### D. Preliminary Injunctive Relief

Tenth, Shafer argues that he has demonstrated probable success to support a preliminary injunction because the Magistrate Judge observed that he had satisfied the issue of irreparable injury.  D.E. 55, pp. 12-13.  In his supplemental objections, he emphasizes that the irreparable injury he suffers is to his eternal salvation.  These first two factors in the preliminary injunction rubric—probable success and irreparable injury—are

---

[1]  The M&R contains a typographical error that suggests that a plaintiff must show that the defendant's conduct was objectively reasonable.  D.E. 52, p. 42.  The burden is, instead, to show that the conduct was objectively ***un***reasonable.

separate concepts and cannot be conflated as Shafer suggests.  *See Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).    For that reason alone, his objection is insufficient to reject the M&R's analysis recommending denial of the requested preliminary injunction.

Shafer further suggests, contrary to the rubric for the issuance of a preliminary injunction, that it is Defendants' burden to demonstrate that any damage they will suffer outweighs the threatened injury if an injunction is issued.  *See* Fed. R. Civ. P. 65; *Texans for Free Enter.,* 732 F.3d at 536-37.  He treats the issue as part of Defendants' motion to dismiss, whereas the Magistrate Judge construed his affidavit in support of a preliminary injunction as a separate motion for that relief.  The Court rejects Shafer's reversal of the burden of proof.

In his initial objections, Shafer does not discuss the fourth element—that the grant of an injunction will not disserve the public interest—at all.  *See Texans for Free Enter.,* 732 F.3d at 536-37.  In his supplemental objections, he treats the preliminary injunction factors in only conclusory terms, offering nothing to compel rejection of the M&R's analysis.  At the same time, he notes that a preliminary injunction's purpose is to maintain the status quo.  D.E. 55, p. 13.  This is no argument for the granting of the injunctive relief he seeks, which would be to change the status quo.  For all of these reasons, the Court **OVERRULES** Shafer's tenth objection and supplemental objections and **DENIES** the request for a preliminary injunction (D.E. 47).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff Shafer's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court rules as follows:

- **Eleventh Amendment and Monetary Relief in Official Capacity**: After observing that the claims would be barred by the Eleventh Amendment, the M&R recommended denying the motion to dismiss (D.E. 41) with respect to any claims for monetary relief against Defendants in their official capacity as unnecessary due to Shafer's representations of his intended claims.[2] For clarity, the Court **ADOPTS** the Eleventh Amendment analysis, **MODIFIES** the M&R's recommended relief, and **GRANTS** the motion to dismiss with respect to any such claims to avoid any future contrary construction of the pleading.

- **Eleventh Amendment and Injunctive Relief**. The Court **ADOPTS** the M&R and **DENIES** the motion to dismiss (D.E. 41) with respect to its Eleventh Amendment and PLRA challenge to the claim for injunctive relief because it falls within the *Ex parte Young* exception and the parameters of any injunctive relief are subject to development in the case.

---

[2]  The M&R notes that Shafer's representations regarding his intended claims are contrary to the plain language of his pleading and "are not entirely clear." D.E. 52, p. 8.

- **RLUIPA and Individual Capacity Claims.** The Court **ADOPTS** the M&R's analysis regarding the RLUIPA claims against Defendants in their individual capacity. However, for clarity,[3] the Court **MODIFIES** the M&R's recommended relief and **GRANTS** the motion to dismiss (D.E. 41), **DISMISSING** all RLUIPA claims against any Defendant in their individual capacity.

- **RLUIPA-Kosher Meals.** The Court **ADOPTS** the M&R and **DENIES** the motion to dismiss (D.E. 41) on this claim.

- **RLUIPA-Religious Headware**. The Court **SUSTAINS** Shafer's first objection, **REJECTS** the M&R, and **DENIES** the motion to dismiss (D.E. 41) on this claim.

- **RLUIPA-Commissary Items**. The Court **ADOPTS** the M&R and **DENIES** the motion to dismiss (D.E. 41) on this claim.

- **RLUIPA-Holy Days.** The Court **OVERRULES** as moot Shafer's second objection, **ADOPTS** the M&R, and **DENIES** the motion to dismiss (D.E. 41) on this claim.

- **RLUIPA-Proper Defendants**. The Court **OVERRULES** Shafer's third and fourth objections, **ADOPTS** the M&R, and **GRANTS** the motion to dismiss (D.E. 41) with respect to the RLUIPA claims asserted against the TDCJ

---

[3] The M&R notes that Shafer's representation of his claim in this regard is contrary to the language of his pleading. D.E. 52, pp. 12-13.

Chaplaincy Directors Michael Rutledge and Carlton Hazelwood, Senior Chaplain Wright, the commissary manager, Captain Garcia, and Captain Garza for lack of standing.  The Court **GRANTS LEAVE** to Shafer to amend his complaint within fourteen (14) days to add TDCJ Director Bobby Lumpkin and Warden Jerry Sanchez as Defendants for the RLUIPA claims.

- **First Amendment-Kosher Diet**.   The court **SUSTAINS** Shafer's fifth objection, **REJECTS** the M&R, and **DENIES** the motion to dismiss (D.E. 41) with respect to this claim.

    - The Court notes that the Magistrate Judge did not address the individual capacity or official capacity claims against Defendants with respect to this First Amendment claim.  The Court **RECOMMITS** this issue to the Magistrate Judge for determination consistent with the rulings in this Order.

- **First Amendment-Religious Headware**.  The Court **SUSTAINS** Shafer's sixth objection, **REJECTS** the M&R, and **DENIES** the motion to dismiss (D.E. 41) with respect to this claim.

    - The Court notes that the Magistrate Judge did not address the individual capacity or official capacity claims against Defendants with respect to this First Amendment claim.  The Court **RECOMMITS** this issue to the Magistrate Judge for determination consistent with the rulings in this Order.

- **First Amendment-Commissary Items**.  The Court **ADOPTS** the M&R and **DENIES** the motion to dismiss (D.E. 41) with respect to this claim.

  - o **Individual Capacity Defendants**.  The Court **ADOPTS** the M&R and **GRANTS** the motion to dismiss (D.E. 41) with respect to the claims against Chaplaincy Director Rutledge and Senior Chaplain Wright in their individual capacity related to commissary items.  The Court **DENIES** the motion with respect to those claims against the commissary manager in her individual capacity.

  - o **Official Capacity Defendants**.  The Court **ADOPTS** the M&R and **GRANTS** the motion to dismiss (D.E. 41) with respect to the claims against Chaplaincy Director Rutledge, Senior Chaplain Wright, and the commissary manager in their official capacity related to commissary items.  The Court **GRANTS LEAVE** to Shafer to amend his complaint within fourteen (14) days to add TDCJ Director Bobby Lumpkin and Warden Jerry Sanchez as official capacity Defendants for this claim.

- **First Amendment-Holy Days**.  The Court **SUSTAINS** Shafer's seventh objection, **ADOPTS** the M&R as **MODIFIED**, and **DENIES** the motion to dismiss (D.E. 41) with respect to this claim.

  - o **Individual Capacity Defendants**.  The Court **OVERRULES** Shafer's eighth objection, **ADOPTS** the M&R, and **GRANTS** the motion to dismiss (D.E. 41) with respect to the individual capacity claims brought

14 / 16

against TDCJ Chaplaincy Director Rutledge and the commissary manager, and **DENIES** the motion with respect to the individual capacity claims brought against Senior Chaplain Wright.

- o **Official Capacity Defendants**.  The Court **OVERRULES** Shafer's ninth objection, **ADOPTS** the M&R, and **GRANTS** the motion to dismiss (D.E. 41) with respect to the claims against Chaplaincy Director Hazelwood, Senior Chaplain Wright, and the commissary manager in their official capacity related to the observation of holy days.  The Court **GRANTS LEAVE** to Shafer to amend his complaint within fourteen (14) days to add TDCJ Director Bobby Lumpkin and Warden Jerry Sanchez as official capacity Defendants for this claim.

- **First Amendment-Establishment**.  The Court **ADOPTS** the M&R and **DENIES** the motion to dismiss (D.E. 41) with respect to this claim.

  - o **Individual Capacity Defendants**.  The Court **ADOPTS** the M&R and **GRANTS** the motion to dismiss (D.E. 41) with respect to the individual capacity claims against Chaplaincy Director Rutledge and Captain Garza, and **DENIES** the motion with respect to the individual capacity claims against Senior Chaplain Wright, Captain Garcia, and the commissary manager.

  - o **Official Capacity Defendants**.  The Court **ADOPTS** the M&R and **GRANTS** the motion to dismiss (D.E. 41) with respect to the claims

15 / 16

against Defendants in their official capacity related to the establishment complaint. The Court **GRANTS LEAVE** to Shafer to amend his complaint within fourteen (14) days to add TDCJ Director Bobby Lumpkin and Warden Jerry Sanchez as official capacity Defendants for this claim.

- **Equal Protection**. The Court **ADOPTS** the M&R and **GRANTS** the motion to dismiss (D.E. 41) with respect to all equal protection claims.

- **Qualified Immunity**. The Court **RECOMMITS** this defense to the Magistrate Judge for reconsideration consistent with this Order.

- **Preliminary Injunction**. The Court **OVERRULES** Shafer's tenth objection, **ADOPTS** the M&R, and **DENIES** Shafer's motion for a preliminary injunction (D.E. 47).

ORDERED on September 27, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE