Case 2:21-cv-00040   Document 69   Filed on 01/17/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD SCOTT SHAFER, *et al.*, § § Plaintiffs, § § VS. § MICHAEL RUTLEDGE, *et al.*, § § Defendants. § | CIVIL ACTION NO. 2:21-CV-00040 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss (D.E. 41) and Plaintiff's Motion for Reconsideration of his request for certification of a class action (D.E. 60). On October 4, 2022, United States Magistrate Judge Julie K. Hampton issued an Amended Memorandum and Recommendation (D.E. 64), recommending that Defendants' motion to dismiss on recommitted claims be denied in part with claims proceeding against a limited group of Defendants and that Plaintiff's motion for reconsideration be denied. Petitioner timely filed his objections (D.E. 66) on October 13, 2022.

The M&R recommends that Plaintiff's First Amendment Free Exercise (Kosher Diet) and his First Amendment Free Exercise (Religious Headwear) claims proceed against current Defendant Wright (Kosher Diet) and Defendant Garcia (Religious Headwear) in their respective individual capacities, and be dismissed against other current Defendants. It further recommends that these claims proceed against TDCJ Director Lumpkin (Kosher Diet) and McConnell Unit Warden Jerry Sanchez (both claims) (Defendants to be added)

in their official capacities because they are in a position to provide prospective relief. Plaintiff has requested that those new Defendants be joined. D.E. 56.

However, Plaintiff objects to the dismissal of the claims against the other Defendants, arguing that the Magistrate Judge does not appreciate the personal involvement of supervisors who find out about a constitutional violation and fail to address it after-the-fact. For that proposition, he cites *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996), a Second Circuit case. This Court is governed by Fifth Circuit law, which requires more than after-the-fact notice of a violation. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

And even *Black*, which relied on *Wright v. Smith*, 21 F.3d 496, 501–02 (2d Cir. 1994), does not impose liability in the circumstances that Shafer has pled. In *Wright*, the Second Circuit stated that a prison official is not personally responsible simply because he is in a high position of authority or is part of the chain of command. Supervisory liability requires participation in the act or the power to halt ongoing, or prevent future, constitutional violations. *Id*. (describing the official being put on notice in time to take action to end a violation). For that reason, the Magistrate Judge properly recommended that the TDCJ Director and Unit Warden be added in order to address any ongoing violations. But supervisors are not responsible for any individual's past action in which they did not participate.

Shafer argues that the problems are rampant within the McConnell Unit or the entire State. This invokes the need to make the claim against the Warden or TDCJ Director, not against those with lesser authority. While Shafer contends that the Director of Chaplaincy

"bears sole ministerial responsibility to ensure that the rights of inmates, under the First Amendment, are protected, and that position would require them to report such violations and implement corrective actions to remedy them," this statement contemplates that the matter be reported to some other official before it could be corrected. *See* D.E. 66, p. 3. Nothing in Shafer's objection suggests that the Director of Chaplaincy has authority over the kitchen's food preparation or the commissary's product inventory.

Shafer's objection to the M&R's treatment of the requirement of personal participation is **OVERRULED**. *See* D.E. 66, ¶¶ 2, 3. His complaints will proceed only against the Defendants directly responsible for the alleged constitutional violations and those of sufficient rank to effect systemic change.

Shafer objects that he has not been provided a copy of the Court's "Order Rejecting in Part, Modifying in Part, and Adopting in Part Memorandum and Recommendation" (D.E. 62). D.E. 66, ¶ 1. Notice of same was required to be sent to Shafer by the Clerk of Court. Upon investigation, it appears that the Clerk of Court did not provide that notice. The Court **SUSTAINS** the objection and **ORDERS** the Clerk of Court to send to Shafer a copy of the Order (D.E. 62).

Shafer also complains that he was not given access to "evidence filed under D.E. 52." *Id.*, ¶ 4. That docket entry number is for the original Memorandum and Recommendation on Defendants' motion to dismiss. The only evidence referenced in that M&R, other than Plaintiff's own grievances, are the summary judgment affidavits accompanying the motion to dismiss. *See* D.E. 41-1, 41-2. The motion bears a certificate

of service indicating that Defendants served the motion and its attachments on Plaintiff. D.E. 41.

The Court **OVERRULES** Shafer's objection that he has not been copied with the Defendants' summary judgment evidence. In the event that Shafer requires additional copies, he may obtain them through the ordinary procedures of the office of the Clerk of Court.

Last, Plaintiff objects to the recommendation that his motion seeking class certification be denied. D.E. 66, ¶ 5. He argues that the M&R's authority is insufficient to support a denial because the case involved an immigration detainee, whereas Shafer is a United States citizen. This is a distinction without a difference here. Citizenship status is not a determinative fact.

Shafer further argues that his own legal skills, if sufficient to represent himself, are sufficient to represent fellow inmates. He then lists his educational accomplishments, including paralegal studies. At the same time, his conclusion asks the Court to give him special leeway because he is not trained as an attorney and Defendants, represented by the Office of Attorney General, have an advantage. D.E. 66, p. 6. Shafer, proceeding pro se, is not in a position to adequately represent a state-wide class of over 10,000 members (the class identified in his objections). Should it appear, as this case progresses, that a class action is appropriate, this Court will be able to reassess the denial of counsel and the denial of the class action. Based on the current posture of the case, the Court **OVERRULES** the objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Plaintiff's objection regarding his right to receive a copy of the Court's Order (D.E. 62). In all other respects, Plaintiff's objections are **OVERRULED.** The Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **ORDERS** as follows:

- Defendants' Motion to Dismiss (D.E. 41) is **GRANTED IN PART** and **DENIED IN PART** as follows:
  - Plaintiff's First Amendment Free Exercise (Kosher Diet) claim is:
    - (1) **DISMISSED with prejudice** against Rutledge, the Commissary Manager, Garcia, and Garza in their individual capacities for failure to state a claim for relief and on qualified immunity grounds;
    - (2) **DISMISSED** against Hazelwood, Wright, the Commissary Manager, Garcia, and Garza in their official capacities for lack of standing;
    - (3) **RETAINED** against Wright in his individual capacity;
    - (4) **RETAINED** against TDCJ Director Lumpkin and McConnell Unit Warden Jerry Sanchez in their official capacities in the event that Plaintiff joins these Defendants;
  - Plaintiff's First Amendment Free Exercise (Religious Headwear) claim is:
    - (1) **DISMISSED with prejudice** against Rutledge, Wright, the Commissary Manager, and Garza in their individual capacities for failure to state a claim for relief and on qualified immunity grounds;
    - (2) **DISMISSED** against Hazelwood, Wright, the Commissary Manager, Garcia, and Garza in their official capacities for lack of standing;
    - (3) **RETAINED** against Garcia in her individual capacity; and

      (4)    **RETAINED** against Warden Sanchez in his official capacity in the event Plaintiff joins this Defendant.

- Plaintiff's Motion for Reconsideration of his motion to certify this case as a class action (D.E. 60) is **DENIED**.

ORDERED on January 17, 2023.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE